IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY as Subrogee of Gary and Amanda Kazowski 55 West Street Keene, New Hampshire 03431<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN STANDARD, INC. One Centennial Avenue P.O. Box 6820 Piscataway, NJ 08855<br><br>Defendant. | Civil Action No.:<br><br>JURY TRIAL DEMANDED<br><br>**04-40227**<br><br>RECEIPT #_____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. _____<br>DATE 11-1-04 |

**COMPLAINT**

NOW COMES Plaintiff, National Grange Mutual Insurance Company, by and through its undersigned counsel, and hereby demands judgment against defendant, American Standard, Inc., and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, National Grange (hereinafter "National Grange") is a corporation organized and existing under the laws of the State of New Hampshire with a principal place of business located at 55 West Street, Keene, New Hampshire, 03431 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, American Standard, Inc. (hereinafter "American Standard") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at One Centennial Avenue, Piscataway, New Jersey, 08855, which at all

times material hereto was in the business of, <u>inter alia</u>, manufacturing kitchen and bath fixtures, including tub fixtures.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Thousand Dollars ($100,000.00) and there is diversity of citizenship between plaintiff and defendant.

4. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. § 1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5. Plaintiff's insureds, Amanda Kazowski and Gary Kazowski, (hereinafter "Kazowski") are adult individuals that for all times relevant resided at 284 Brookfield Road, Charleton, Mass. 01507

6. Prior to February 12, 2002 National Grange issued a policy of insurance to Kazowski, policy number 51K11628, which provided property insurance coverage for the premises.

7. At all times relevant to this complaint, Defendant American Standard was engaged in the business of designing, manufacturing, supplying, distributing, selling and/or otherwise placing into the stream of commerce kitchen and bath fixtures, including among other things, plumbing fixtures and faucets for use, <u>inter alia</u>, by individual consumers.

8. Prior to February 12, 2002, a tub fixture, Williamsburg faucet Series 2900 bearing identification numbers M968319B and US60359B ("the tub fixture"), was designed, manufactured, supplied, distributed, sold and/or otherwise placed into the stream of commerce by defendant American Standard and subsequently was purchased by the Kazowskis.

9. On or about February 12, 2002 the valve assembly for the hot water side of the tub fixture broke as a result of defect allowing large amounts of water to flow into the Kazowski home causing extensive water damage.

10. The water discharge of February 12, 2002 was caused by the defective tub fixture.

11. The water discharge of February 12, 2002 caused substantial damage and destruction to the real and personal property of the Kazowskis.

12. Pursuant to the terms and conditions of the policy, National Grange made payments to the Kazowskis for the property damage in excess of One Hundred Forty Four Thousand Dollars ($144,000.00).

13. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance National Grange is subrogated to the rights of its insured to the extent of its payments.

## COUNT I

### NEGLIGENCE
### PLAINTIFF V. DEFENDANT AMERICAN STANDARD

14. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

15. The aforementioned water discharge and the subsequent loss and damage to plaintiff's insureds' property were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of defendants, their employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

> a) Designing, manufacturing, assembling, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce the defective tub fixture;

    b)    Failing to ensure proper and sufficient materials were used in the design, manufacture, assembly of the subject fixture prior to marketing, supplying, distributing, selling and/or otherwise placing it into the stream of commerce;

    c)    Designing, manufacturing, assembling, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce an unreasonably dangerous product;

    d)    Designing, manufacturing, assembling, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce a product that the defendant knew or should have known was unreasonably dangerous;

    e)    Failing to properly warn plaintiff's insured of any and all dangers and/or hazards associated with the defective faucet; and

    f)    Otherwise failing to exercise reasonable care under the circumstances.

As a direct and proximate result of the negligent acts and/or omissions on the part of the defendants, the occurrence referred to above took place resulting in damage and destruction to the plaintiff's insureds' property.

WHEREFORE, Plaintiff National Grange demands judgment against the Defendant in excess of $144,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT II

### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### PLAINTIFF V. DEFENDANT AMERICAN STANDARD

16. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

17. At the time the subject faucet was sold and/or supplied it was in a defective condition, which defect(s) rendered it unreasonably dangerous to persons and property. The aforementioned defect(s) directly and proximately caused National Grange's insured to suffer substantial property damage. Defendant American Standard is therefore liable in this matter.

18. The aforementioned water discharge and resulting property damage was directly and proximately caused by defendant's conduct in:

    a) Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective tub fixture which defendant knew or should have known subjected the property of plaintiff's insured to an unreasonable risk of harm;

    b) failing to warn of the aforesaid defective condition; and

    c) generally acting in a manner which subjected it to strict liability under all of the circumstances.

19. In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the subject faucet, the defendant expressly and/or impliedly warranted that its product was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

20. The defendant breached the aforesaid express and/or implied contract-based warranties, as well as the statutory warranty provided for by Massachusetts Uniform Commercial Code. As a direct and proximate result of the breach of the aforementioned warranties, the water discharge occurred, resulting in damage and destruction to plaintiff's insureds' property.

WHEREFORE, Plaintiff National Grange demands judgment against the Defendant in excess of $144,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

### COUNT III

### CONSUMER PROTECTION ACT VIOLATION
### MASS. ANN. LAWS. CH 93A
### PLAINTIFF V. DEFENDANT AMERICAN STANDARD

21. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

22. At all times material hereto, defendant was engaged in trade or commerce as defined in M.G.L. c. 93A, §§ 2, 9.

23. The defendant, by virtue of advertisements, promotional literature, and/or sales brochures, represented to the general public, and to plaintiff's insureds in particular, that the design and manufacture of the tub fixture was of a particular standard, quality or grade.

24. The Kazowskis reasonably and justifiably relied on defendant's representations that the design and manufacture of the tub fixture was of a particular standard, quality or grade.

25. The defendant violated the Consumer Protection Act in failing to provide a tub fixture of a particular design and/or manufacture standard, quality or grade as represented to and reasonably and justifiably relied upon by the general public, and plaintiff's insureds in particular.

26. The defendant violated the Consumer Protection Act in representing to the general public, and the Kasowskis in particular, that the tub fixture possessed design and/or manufacture characteristics that it in fact did not have.

27. The defendant advertised its tub fixture with intent not to sell the tub fixture as advertised in direct violation of the Consumer Protection Act.

28. The defendant knew or should have known of the design and/or manufacturing defects and therefore violated the Consumer Protection Act.

29. The defendant failed to warn the general public, and the Kasowskis in particular, of the design and/or manufacturing defects inherent in the tub fixture.

30. The defendant committed an unfair, fraudulent, tortious and deceptive act and/or practice in the conduct of trade or commerce within this Commonwealth.

31. On August 8, 2002, the plaintiff complied with the requirements of M.G.L. c. 93A, §9 by sending a formal notice and demand letter to the defendant, informing the defendant

of the defect in the tub fixture and the nature of the damages caused to plaintiff's insureds' property as result.

32.     Plaintiff did not receive a response to its M.G.L. c. 93A demand from defendant.

33.     As a direct and proximate result of the aforesaid violations of the defendant, the water discharge occurred, resulting in damage and destruction to plaintiff's insureds' property.

WHEREFORE, Plaintiff National Grange demands judgment against the Defendant in excess of $144,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Respectfully submitted,
NATIONAL GRANGE MUTUAL
INSURANCE COMPANY
As subrogee of Gary and Amanda Kazowski,
By its attorneys,

Roy P. Giarrusso BBO No. 549470
Christine Kelley Tramontana BBO No. 644849
GIARRUSSO, NORTON, COOLEY
& MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

Dated: 10/28/04

OF COUNSEL:

Erick J. Kirker
COZEN O'CONNOR
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-2172

Phila1\1979782\1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
National Grange Mutual Insurance Company, as Subrogee of Gary and Amanda Kazowski

**DEFENDANTS**
American Standard, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christine Kelley Tramontana
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay, 308 Victory Road, Quincy, MA 02171
(617) 770-2900

ATTORNEYS (IF KNOWN)

04-40227

**BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **PERSONAL INJURY** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 362 Personal Injury - Med Malpractice | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 365 Personal Injury - Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 370 Other Fraud | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 371 Truth In Lending | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 380 Other Personal Property Damage | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 385 Property Damage Product Liability | Habeas Corpus: | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | | ☐ 530 General | | |
| | | | ☐ 535 Death Penalty | | |
| | | | ☐ 540 Mandamus & Other | | |
| | | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1332(a)

**REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**RELATED CASE(S)** (See instructions):
**IF ANY**       JUDGE_____    DOCKET NUMBER_____

SIGNATURE OF ATTORNEY OF RECORD
/s/ Tramontana

OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __National Grange Mutual Insurance Co. v. American Standard, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04-40227**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   __No__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __No__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES_____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES_____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christine Kelley Tramontana__
ADDRESS __Giarrusso, Norton, Cooley & McGlone, Marina Bay, 308 Victory Rd., Quincy, MA 02171__
TELEPHONE NO. __617-770-2900__

(Category.frm - 09/92)