IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRANGE MUTUAL )<br>INSURANCE COMPANY )<br>As Subrogee of Gary and Amanda )<br>Kazowski )<br>55 West Street )<br>Keene, New Hampshire 03431, )<br>        Plaintiff(s), )<br>)<br>v. )<br>)<br>AMERICAN STANDARD, INC. )<br>One Centennial Avenue )<br>P.O. Box 6820 )<br>Piscataway, NJ 08855 )<br>_____) | Civil Action No. 04-40227 |

## ANSWER OF THE DEFENDANT, THE AMERICAN STANDARD COMPANIES, TO THE PLAINTIFF'S COMPLAINT

Parties

1. The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 1 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

2. The defendant admits that it is a corporation organized under the laws of the State of Delaware with a principal place of business at One Centennial Avenue, Piscataway, New Jersey, 08855. The defendant denies the remaining allegation set forth in Paragraph 2 of the Plaintiff's Complaint.

Jurisdiction and Venue

3. The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 3 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

4.  The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 4 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

## General Allegations

5.  The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 5 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

6.  The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 6 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

7.  The defendant admits the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8.  The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 8 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

9.  The defendant denies the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. The defendant denies the allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11. The defendant denies the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the matters set forth in Paragraph 12 of the Plaintiff's Complaint, and therefore calls upon the Plaintiff to prove the same.

13. The defendant states that the allegations set forth in Paragraph 13 of the Plaintiff's Complaint call for a legal conclusion, and therefore no response is required. To the extent a response is required, the defendant denies the same.

## COUNT I

### NEGLIGENCE
### PLAINTIFF V. DEFENDANT AMERICAN STANDARD

14. The defendant incorporates its responses to Paragraphs 1-13 of the Plaintiffs' Complaint as if each were separately set forth herein.

15. The defendant denies the allegations set forth in Paragraph 15 of the Plaintiff's Complaint, and all of its subparts, and denies that the Plaintiff is entitled to any recovery from this defendant.

## COUNT II

### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### PLAINTIFF V. DEFENDANT AMERICAN STANDARD

16. The defendant incorporates its responses to Paragraphs 1-15 of the Plaintiffs' Complaint as if each were separately set forth herein.

17. The defendant denies the allegations set forth in Paragraph 17 of the Plaintiff's Complaint.

18. The defendant denies the allegations set forth in Paragraph 18 of the Plaintiff's Complaint, and all of its subparts.

19. The defendant denies the allegations set forth in Paragraph 19 of the Plaintiff's Complaint.

20. The defendant denies the allegations set forth in Paragraph 20 of the Plaintiff's Complaint, and denies that the Plaintiff is entitled to any recovery from this defendant.

## COUNT III

## CONSUMER PROTECTION ACT VIOLATION
## MASS. ANN. LAWS CH. 93A PLAINTIFF V. DEFENDANT AMERICAN STANDARD

21. The defendant incorporates its responses to Paragraphs 1-21 of the Plaintiffs' Complaint as if each were separately set forth herein.

22. The defendant states that the allegations set forth in Paragraph 22 of the Plaintiff's Complaint call for a legal conclusion, and therefore no response is required. To the extent a response is required, the defendant states that it is registered as a for-profit corporation doing business in the Commonwealth of Massachusetts.

23. The defendant denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

24. The defendant denies the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. The defendant denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. The defendant denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27. The defendant denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint.

28. The defendant denies the allegations set forth in Paragraph 28 of the Plaintiff's Complaint.

29. The defendant denies the allegations set forth in Paragraph 29 of the Plaintiff's Complaint.

30. The defendant denies the allegations set forth in Paragraph 30 of the Plaintiff's Complaint.

31. The defendant denies the allegations set forth in Paragraph 31 of the Plaintiff's Complaint.

32. The defendant denies the allegations set forth in Paragraph 32 of the Plaintiff's Complaint.

33. The defendant denies the allegations set forth in Paragraph 33 of the Plaintiff's Complaint, and denies that the Plaintiff is entitled to any recovery from this defendant.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, and each count thereof, fails to state a claim upon which relief can be granted and thus said Complaint and counts should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, and each count thereof, contains an unsupported ad damnum clause inconsistent with notice pleading pursuant to Fed. R. Civ. P. 8 and in violation of Mass. Gen. Laws ch. 231 sec. 13B.

## THIRD AFFIRMATIVE DEFENSE

Count III of the Plaintiff's Complaint must be dismissed, pursuant to Fed. R. Civ. P. 12 (b) (6), for failure to state a claim upon which relief can be granted as there is, and will be, no evidence upon which such Count can be based and/or brought in good faith.

## FOURTH AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the subject matter as there is no diversity of citizenship and/or as the amount in controversy is insufficient, such that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1).

## FIFTH AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the person of this defendant pursuant to Fed. R. Civ. P. 12 (b) (2).

## SIXTH AFFIRMATIVE DEFENSE

There is improper venue pursuant to Fed. R. Civ. P. 12 (b) (3).

## SEVENTH AFFIRMATIVE DEFENSE

The defendant asserts and reserves the lack of capacity to maintain Count III of this action. Fed. R. Civ. P. 9 (a).

## EIGHTH AFFIRMATIVE DEFENSE

The defendant says that the Plaintiff has failed to comport with the requirements of MGL c. 93A.

## NINTH AFFIRMATIVE DEFENSE

The defendant says that the negligence of the Plaintiff, and/or the Plaintiff's insured, was greater than the alleged negligence of the defendant, and that such negligence contributed to his alleged injury and, therefore, the Plaintiff is barred from recovery under M.G.L. c. 231 § 85.

## TENTH AFFIRMATIVE DEFENSE

The defendant says that the Plaintiff, and/or the Plaintiff's insured, was guilty of contributory negligence and that the damages, if any, recovered by Plaintiff should be reduced in proportion to the negligence of the Plaintiff's insured in accordance with M.G.L. c. 231 § 85.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant states that it performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and therefore, the Plaintiff is barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant denies liability for any implied warranty of merchantability, since all goods sold by the defendant were fit for the ordinary purposes for which such good are used.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that the Plaintiff is barred from any recovery because the damages as alleged were caused by an unforeseeable misuse of the product.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that all goods it sold were such that would pass without objection in the trade under the contract description, and therefore the Plaintiff is barred from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant states that it conformed to all promises or affirmations of fact made on the product, if any, and therefore the plaintiff is barred from recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that if Plaintiff can prove the product was defective and dangerous as alleged, and that conduct was a cause of the claimed injury and/or damage, then Plaintiff's insured unreasonably proceeded to use a product it or its insured knew to be defective and dangerous, and it is therefore barred from recovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that all goods it sold were adequately packaged, contained, and labeled as required, and therefore the Plaintiff is barred from recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant states that all goods it sold ran of even kind and quality within each unit, and among all units involved, and therefore the Plaintiff is barred from recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant states it provided the Plaintiff with adequate warnings regarding the product and its usage, and therefore, the Plaintiff is barred from recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that to the extent it had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

**DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

The Defendants,
AMERICAN STANDARD INC.
By its Attorneys,

_____
A. Bernard Guekguezian, BBO # 559191
Judith Feinberg, BBO #647511
Adler, Cohen, Harvey, Wakeman
 & Guekguezian, LLP
230 Congress Street
Boston, MA 02110
(617) 423-6674

Dated: 11/24/04